CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
December 23, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **DERRICK SCARBERRY,** | ) |
| Plaintiff, | ) Civil Action No. 7:24cv00489 |
| | ) |
| v. | ) OPINION and ORDER |
| | ) |
| **TAZEWELL COUNTY SHERIFF'S** | ) By: Robert S. Ballou |
| **OFFICE, K-9 DIVISION,** | ) United States Magistrate Judge |
| Defendant. | ) |

Plaintiff Derrick Scarberry, previously an inmate at the Tazewell County Regional Jail, has filed a *pro se* civil rights action against the defendant for serious injuries sustained when plaintiff was bitten by two police canines. Upon preliminary review of the Complaint, as mandated by 28 U.S.C. § 1915A, I find that the Complaint, in its current form, fails to state a claim for which relief may be granted. Because Scarberry is a *pro se* litigant and may be able to state sufficient additional facts to show entitlement to relief, I will give him thirty (30) days to file an Amended Complaint, naming as a defendant each party that violated his rights and stating specifically how each violated his rights.

Although not stated in these words, Scarberry is alleging excessive use of force in violation of the Fourth Amendment. "An attack by an unreasonably deployed police dog in the course of a seizure is a Fourth Amendment excessive force violation." *Vathekan v. Prince George's County*, 154 F.3d 173, 178 (4th Cir. 1998). In determining whether deployment of a police dog is unreasonable, courts use an "objective reasonableness" test:

> The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight . . . [recognizing] that police officers are often required to make split second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation.

*Kopf v. Wing*, 942 F.2d 265, 267–68 (4th Cir. 1991) (quoting *Graham v. Connor*, 490 U.S. 386, 396–97 (1989)).

The only defendant named in the Complaint, however, is the Tazewell County Sheriff's Office K-9 Division.  The department's liability is narrower than that of individual officers.  The department or division can only be liable if (1) an officer used excessive force *and* (2) the use of force was caused by an unconstitutional custom or practice of the division.  *See Kopf v. Wing*, 942 F.2d 265, 269 (4th Cir. 1991).  Scarberry has not alleged any facts tending to show that the Tazewell County Sheriff's Office or its K-9 Division maintained a custom or practice that caused individual officers to employ their dogs in manner likely to result in excessive force.  Nor has he named as a defendant the individual officer (or officers) who deployed the police dogs on him.

Accordingly, it is **ORDERED** that Scarberry has thirty (30) days in which to file an Amended Complaint meeting the criteria described herein, if he chooses to do so.  The Amended Complaint must be a new pleading, complete in all respects, which stands by itself without reference to any earlier filed Complaint.  The pleading must name every person or party he intends to bring this action against and specifically describe how each violated his rights.  If Scarberry does not file an Amended Complaint within thirty (30) days, the case will be DISMISSED without prejudice.

The Clerk is directed to send a copy of this opinion and order to Scarberry, along with a blank complaint form to use for filing his Amended Complaint.

It is so **ORDERED**.

Enter:  December 20, 2024

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge

# AMENDED COMPLAINT

IN THE UNITED STATES DISTRICT COURT
Western District of Virginia

Ballou
_____
District Judge
(Assigned by Clerk's Office)

Sargent
_____
Mag. Referral Judge
(Assigned by Clerk's Office)

CIVIL ACTION NO. 7:24cv00489
(Assigned by Clerk's Office)

For use by Inmates filing a Complaint under

**CIVIL RIGHTS ACT, 42 U.S.C. §1983 or <u>BIVENS v. SIX UNKNOWN NAMED AGENTS OF FED. BUREAU OF NARCOTICS</u>, 403 U.S. 388 (1971)**

_____     _____
Plaintiff Name                                        Inmate No.
                  v.

_____
Defendant Name & Address

_____
Defendant Name & Address

_____
Defendant Name & Address

_____
 Defendant Name & Address

_____
Defendant Name & Address

_____
Defendant Name & Address

_____
Defendant Name & Address

**IF YOU NEED TO ADD MORE DEFENDANTS, USE A SEPARATE SHEET OF PAPER, AND PUT NAME AND ADDRESS FOR EACH NAMED DEFENDANT.
TITLE THE SECOND PAGE "CONTINUED NAMED DEFENDANTS"**

A. **Where are you now?** Name *and* Address of Facility:

_____

_____

B. Where did this action take place?

_____

C. Have you begun an action in state or federal court dealing with the same facts involved in this complaint?

_____ Yes        _____ No

If your answer to A is Yes, answer the following:

1. Court: _____

2. Case Number: _____

D. Have you filed any grievances regarding the facts of this complaint?

_____ Yes        _____ No

1. If your answer is Yes, indicate the result:

_____

_____

2. If your answer is No, indicate why:

E. Statement of Claim(s): State briefly the facts in this complaint. Describe what action(s) each defendant took in violation of your federal rights and include the relevant dates and places. **Do not give any legal arguments or cite any cases or statutes**. If necessary, you may attach additional page(s). Please write legibly.

Claim #1 – Supporting Facts – Briefly tell your story without citing cases or law:

_____

_____

_____

Claim #2 – Supporting Facts – Briefly tell your story without citing cases or law:
(Additional Supporting Facts may be placed on a separate paper titled ADDITIONAL SUPPORTING FACTS)

_____

_____

**F.** State what relief you seek from the Court. Make no legal arguments and cite no cases or statutes.

_____

_____

_____

**G.** If this case goes to trial, do you request a trial by jury?     Yes_____     No _____

**H.** If I am released or transferred, I understand it is my responsibility to immediately notify the court <u>in writing</u> of any change of address *after* I have been released or transferred or my case may be dismissed.

DATED:_____     SIGNATURE: _____

VERIFICATION:
I,_____, state that I am the plaintiff in this action, and I know the content of the above complaint; that it is true of my own knowledge, except as to those matters that are stated to be based on information and belief, and as to those matters, I believe them to be true. I further state that I believe the factual assertions are sufficient to support a claim of violation of constitutional rights. Further, I verify that I am aware of the provisions set forth in 28 U.S.C. §1915 that prohibit an inmate from filing a civil action or appeal, if the prisoner has, on three or more occasions, while incarcerated brought an action or appeal in federal court that is dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted, unless the prisoner is imminent danger of serious physical injury. I understand that if this complaint is dismissed on any of the above grounds, I may be prohibited from filing any future actions without the pre-payment of the filing fees. I declare under penalty of perjury the foregoing to be true and correct.

DATED:_____     SIGNATURE: _____

Updated 5/2024