CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
June 30, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **DERRICK SCARBERRY,** ) | |
|     Plaintiff, ) | Civil Action No. 7:24-cv-489 |
| ) | |
| v. ) | |
| ) | |
| **TAZEWELL COUNTY SHERIFF'S** ) | By:  Robert S. Ballou |
| **OFFICE, K-9 DIVISION, et al.,** ) | United States District Judge |
|     Defendants. ) | |

## MEMORANDUM OPINION

The Tazewell County Sheriff's Office, K-9 Division moves to dismiss the Amended Complaint filed by plaintiff Derrick Scarberry, *pro se*, on the grounds that it is not an entity that is capable of being sued. Dkt. 23. Scarberry, previously an inmate at the Tazewell County Regional Jail, filed a *pro se* civil rights action against the defendants for injuries sustained when Scarberry was bitten by two police canines. Dkt. 10. Defendant Cody Rowe filed an Answer to the Amended Complaint, and this case is scheduled for a jury trial.  Defendant Tazewell County Sheriff's Office, K-9 Division asks the court to dismiss it from this case, pursuant to Federal Rule of Civil Procedure 12(b)(6).  I **GRANT** defendant Tazewell County Sheriff's Office, K-9 Division's Motion to Dismiss and dismiss it from this case with prejudice.

### I.     Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter ... to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the

Case 7:24-cv-00489-RSB-PMS    Document 33    Filed 06/30/25    Page 2 of 3
Pageid#: 94

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

I accept all factual allegations in the complaint as true and draw all reasonable inferences in Scarberry's favor as the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). As a *pro se* litigant, Scarberry's pleadings are afforded liberal construction and held to a less stringent standard than formal pleadings drafted by counsel. *See Erickson*, 551 U.S. at 94. A court should grant a Rule 12(b)(6) motion if, "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable actual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

## II.     Analysis

Where a defendant is not an individual or a corporation, the capacity to be sued is determined by state law. Fed. R. Civ. P. 17(b)(3). In Virginia, a sheriff's office lacks the capacity to be sued. "Local police and sheriff's departments in Virginia are 'non suis juris,' meaning they simply do not have the capacity to be sued." *Frye v. Jenkins*, No. 322cv70, 2023 WL 4670332, at *2 (W.D. Va. July 19, 2023) (quoting *Trantham v. Henry Co. Sheriff's Office*, No. 4:10cv58, 2011 WL 863498, at *5 (W.D. Va. Mar. 10, 2011)). Suits against a sheriff or the sheriff's office are considered suits against the Commonwealth, which cannot be sued absent a waiver of sovereign immunity. *Bell v. City of Roanoke Sheriff's Office*, No. 7:0c9cv214, 2009 WL 5083459, at *2 (W.D. Va. Dec. 23, 2009) ("It is well settled that, in Virginia, suits against a Sheriff or her deputies in their official capacities, *as well as suits against the Sheriff's Office*, are considered suits against the state." (emphasis added)).  Furthermore, a sheriff's office in Virginia is also not a "person" subject to suit under 42 U.S.C. § 1983. "By its terms, § 1983 only applies to

2

'persons.' Because the [Tazewell County Sheriff's Office K-9 Division] is not a 'person,' it cannot be sued under § 1983." *Vyas v. Hutcheson*, No. 723cv738, 2025 WL 918168, at *1 (W.D. Va. March 26, 2025) (quoting *Young v. Perry*, No. 416cv60, 2017 WL 836036, at *3 (W.D. Va. Mar. 2, 2017)).

### III.   Conclusion

Accordingly, I **GRANT** the Motion to Dismiss defendant Tazewell County Sheriff's Office K-9 Division. All claims against the Sheriff's Office are dismissed with prejudice. An order will follow.

Enter:  June 29, 2025

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge